*501
 
 Nash, O. J.
 

 The record in this case is carelessly drawn up. There is nothing upon it to show that the defendants even answered the bill. An order of publication was made as to the defendant living out of the State ; but there is nothing to show that the bill was taken pro confesso against him. The answers of the two defendants living in the State are on file ; but how they came there we are not informed. In the present condition of the record, we certainly should not decide the case, if we were not at liberty to presume that all the orders necessary to its final decision, had been made in the Court below; and if we were not satisfied that, from a decision in this Court, the plaintiff cannot sustain his bill.
 

 In the case of
 
 Hiatt
 
 v. Twomey, 1 Dev. and Bat. Eq. Rep. 315, the bill charged that the defendants had sold and conveyed to the plaintiffs, the exclusive right of constructing, vending and using, in the Counties of Stokes and Orange, in this State, a patent-right, for a new and useful method of letting in water upon water-wheels. The bill charged fraud on the part of the defendants, and prayed for a rescission, of the contract. The Court say, that in contracts for the assignment of such interests, if there be no fraud, the purchaser must depend, when they prove of no value, wholly upon his covenants. Both parties are equally innocent; there is no necessary warranty of title and the loss must fall wherever the bargain leaves it.
 

 In our case, the plaintiffs purchased of the defendants the patent-right, to use, construct and sell, within a specified region of country, the patent-right to a smut-machine, and allege that they subsequently discovered that a patent for the same machine, before the date of the patent under which the plaintiffs claimed by assignment, had been granted to another person, which renders their purchase of no value, and that the defendants knew of its existence at the time they sold to the plaintiff; and the bill prays the defendants may be enjoined from suing on the bonds given for the purchase-money of the patent, and that they may be decreed to surrender them up to be cancelled.
 

 
 *502
 
 The answers expressly deny, if there were any precedent patent for the machine, the usfe of which they had conveyed to the plaintiffs, that they knew of it; and they deny that such patent was niade^ They deny all fraud; and aver that, at the time of the sale, they did believe, and do still believe,- the patent-right they conveyed to the plaintiffs was good; and that they had a right to sell and convey it.
 

 There is no evidence in the case ; and there is no fraud, as far as we can perceive. If such a patent as is alleged by the plaintiff's, does exist, there is nothing to prove that the defendants had any knowledge of it. Both parties are equally innocent. This Court cannot interfere ; but leaves the plaintiffs to their remedy at law, if they have any.
 

 Pee Oueiam. The bill is dismissed with costs.